**GREEN DURCAN & WEINER, PLLC**
72 Guy Lombardo Avenue
Freeport, New York 11520
Gerald H. Green
William J. Durcan
Jeffrey K. Weiner
(516) 561-8580

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAFAEL MARTE, FELIX PENA on behalf of themselves and all others similarly situated.**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**WESTBURY MINI MART, INC., WESTBURY DELI & GROCERY, INC., HUNTINGTON DELI, INC., STOP & GO MINIMARKET NY CORP., STOP & GO MINIMARKET CORP., RIVERHEAD DELI, CORP., FERMIN NUNEZ, FREDDY COLLADO, MARIA G. MORONTA, JOSE R. RODRIGUEZ, JOSE G. TINEO, VICTORINO D. NUNEZ.**<br>**Defendants** | **INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Rafael Marte and Felix Pena (collectively, "Plaintiffs") individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.   This action is brought under the Fair Labor Standards Act ("ACT") This lawsuit seek to recover, (i) unpaid wages from Defendants for overtime work for which Plaintiffs and all others similarly situated did not receive overtime premium pay, as required pursuant to 29 U.S.C. §§ 201 *et. seq.*, (ii) liquidated damages, (iii) attorneys' fees and costs of the action, (iv) punitive damages for violations of the anti-retaliation provisions of  the ACT  pursuant to  29 U.S.C. § 215(a)(3).

1

2.      This lawsuit seeks to recover, pursuant to New York Labor Law ("NYLL"), Art. 6, §§ 190 et. seq., (i) unpaid wages from the Defendants for overtime work for which Plaintiffs and all others similarly situated did not receive overtime premium pay, as required pursuant to; 12 N.Y.C.C.R. § 142-2.2; (ii) unpaid spread-of-hours wages from Defendants for each day Plaintiff worked 10 or more hours, 12 N.Y.C.C.R. § 142-2.4; (iii) liquidated damages,  (iv) attorneys' fees and costs of this action, and  ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation; and, where the person or entity in violation is an employer, ordering rehiring or reinstatement of the employee to his or her former position with restoration of seniority or an award of front pay in lieu of reinstatement, and an award of lost compensation and damages, costs and reasonable attorneys' fees.

3.      Plaintiffs bring this action on behalf of them and similarly situated current and former deli/grocery workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* and specifically, the collective action provision of 29 U.S.C.  § 216(b), to remedy violations of the wage-and-hour provisions of the ACT by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5.      This Court also has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §216(b).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events took place in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiffs

### Rafael Marte

8.      Plaintiff is an adult individual who is a resident residing in Nassau County, New York.

9.      Plaintiff was employed by Defendants as a cashier from on or around November 23, 2009 until October 2015.  During this period Plaintiff performed work at all three deli/groceries.

10.     Plaintiff is a covered employee within the meaning of the ACT and the NYLL.

11.     A written consent form for the Plaintiff was filed with this Collective Action Complaint.

### Felix Pena

12.     Plaintiff is an adult individual who is a resident residing in Nassau County, New York.

13.     Plaintiff was employed by Defendants as a cook from on or around September 2006 until September 2015.  During this period Plaintiff was employed solely at the Stop and Go Mini Mart at 55 main Street Riverhead, NY.

14.     Plaintiff is a covered employee within the meaning of the ACT and the NYLL.

15.     A written consent form for the Plaintiff was filed with this Class Action Complaint.

**Defendants**

16.     The violations alleged in this complaint took place at three different deli/groceries located in Westbury, Huntington Station and Riverhead, NY (collectively the "Stores").  Each location is owned by a corporate entity and has a liquor license.  According to the New York State Department of State website each location underwent a change of ownership during the period when the violations are alleged to have occurred.

17.     Defendant Fermin Nunez has been identified by the Plaintiffs as being the only individual Defendant that they worked directly for at each location over the past 6 years.

18.     Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over the Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

19.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant.

20.     Upon information and belief, Defendants are interrelated and unified during all times relevant.

21.     Upon information and belief, during all relevant times the Stores shared a common management and were centrally controlled and/or owned by one or more of the Defendants.

**Riverhead Deli, Corp. (Employed Felix Pena from September 2006-January 2011)**

22.     Upon information and belief, Defendant Riverhead Deli, Corp. is a New York business corporation organized and existing under the laws of New York, with its principal place of

business 55 West Main Street Riverhead, Suffolk County, New York 11901-2801.

23.     Upon information and belief, Defendant Riverhead Deli, Corp.

is a New York business corporation filed on August 26, 2004, with its principal place of business

in Suffolk County, New York.

24.     Riverhead Deli, Corp. is a covered employer within the meaning of the ACT and

the NYLL, and at all times relevant, employed both Plaintiffs.

25.     At all times relevant, Riverhead Deli, Corp maintained control, oversight and

direction over the Plaintiffs and similarly situated employees, including timekeeping, payroll and

other employment practices that applied to them.

26.     Riverhead Deli, Corp. applied the same employment policies, practices and

procedures to all grocery/deli workers at the Riverhead store with respect to the payment of

overtime compensation and spread-of-hours pay.

27.     Upon information and belief, at all times relevant, the Riverhead Deli, Corp.'s

annual gross volume of sales made or business done was not less than $500,000.00.

**Stop & Go Minimarket Corp. (employed Felix Pena from January 2011-August 2015)**

28.     Upon information and belief, Defendant Stop & Go Minimarket Corp. is a New

York business corporation organized and existing under the laws of New York, with its principal

place of business 55 West Main Street Riverhead, Suffolk County, New York, 11901-2801.

29.     Upon information and belief, Defendant Stop & Go Minimarket Corp. is a New

York business corporation filed on January 5, 2011, with its principal place of business in

Suffolk County, New York.

30.     Stop & Go Minimarket Corp. is a covered employer within the meaning of the

ACT and the NYLL, and at all times relevant, employed both Plaintiffs

31.     At all times relevant, Stop & Go Minimarket Corp. maintained control, oversight and direction over the Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

32.     Stop & Go Minimarket Corp. applies the same employment policies, practices and procedures to all grocery/deli workers at the Riverhead store with respect to the payment of overtime compensation and spread-of-hours pay.

33.     Upon information and belief, at all times relevant, Stop & Go Minimarket Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Stop & Go Minimarket NY Corp.(employed Felix Pena from August 2015-October 2015)**

34.     Upon information and belief, Defendant Stop & Go Minimarket NY Corp. is a New York business corporation organized and existing under the laws of New York, with its principal place of business 55 West Main Street Riverhead, Suffolk County, New York, 11901-2801.

35.     Upon information and belief, Defendant Stop & Go Minimarket NY Corp. is a New York business corporation filed on August 24, 2015, with its principal place of business in Suffolk County, New York.

36.     Stop & Go Minimarket NY Corp.is a covered employer within the meaning of the ACT and the NYLL, and at all times relevant, employed both Plaintiffs

37.     At all times relevant, Stop & Go Minimarket NY Corp. maintained control, oversight and direction over the Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

38.     Stop & Go Minimarket NY Corp. applies the same employment policies, practices and procedures to all grocery/deli workers at the Riverhead store with respect to the payment of overtime compensation and spread-of-hours pay.

39.     Upon information and belief, at all times relevant, Stop & Go Minimarket NY Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Huntington Deli, Inc**. (**owned the Huntington location from April 2012-present**)

40.     Upon information and belief, Defendant Huntington Deli, Inc. is a New York business corporation organized and existing under the laws of New York, with its principal place of business 1548 New York Avenue, Huntington Station, New York, Suffolk County, New York, 11746.

41.     Upon information and belief, Defendant Huntington Deli, Inc. is a New York business corporation filed on April 18 2012, with its principal place of business in Suffolk County, New York.

42.     Huntington Deli, Inc. is a covered employer within the meaning of the ACT and the NYLL, and at all times relevant, employed both Plaintiffs

43.     At all times relevant, Huntington Deli, Inc. maintained control, oversight and direction over the Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

44.     Huntington Deli, Inc. applies the same employment policies, practices and procedures to all grocery/deli workers at the Huntington store with respect to the payment of overtime compensation and spread-of-hours pay.

45.     Upon information and belief, at all times relevant, the Huntington Deli, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

7

**Westbury Deli & Grocery, Inc.( owned from July 2004-April 2013)**

46.     Upon information and belief, Defendant Westbury Deli & Grocery, Inc. is a New York business corporation organized and existing under the laws of New York, with its principal place of business 994 Prospect Avenue, Westbury, Nassau County, New York, 11590-3925.

47.     Upon information and belief, Defendant Westbury Deli & Grocery, Inc. is a New York business corporation filed on July 7, 2004, with its principal place of business in Suffolk County, New York.

48.     Westbury Deli & Grocery, Inc. is a covered employer within the meaning of the ACT and the NYLL, and at all times relevant, employed both Rafael Marte and other similarly situated employees.

49.     At all times relevant, Westbury Deli & Grocery, Inc. maintained control, oversight and direction over Rafael Marte and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

50.     Westbury Deli & Grocery, Inc. applies the same employment policies, practices and procedures to all grocery/deli workers at the Westbury store with respect to the payment of overtime compensation and spread-of-hours pay.

51.     Upon information and belief, at all times relevant, the Westbury Deli & Grocery, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Westbury Mini Mart, Inc.   (owned from April 2013-present)**

52.     Upon information and belief, Defendant Westbury Mini Mart, Inc. is a New York business corporation organized and existing under the laws of New York, with its principal place of business 994 Prospect Avenue, Westbury Nassau County, New York, 11590-3925.

53.     Upon information and belief, Defendant Westbury Mini Mart, Inc. is a New York business corporation filed on April 17, 2013 with its principal place of business in Nassau County, New York.

54.     Westbury Mini Mart, Inc. is a covered employer within the meaning of the ACT and the NYLL, and at all times relevant, employed Rafael Marte and other similarly situated employees.

55.     At all times relevant, Westbury Mini Mart, Inc. maintained control, oversight and direction over Rafael Marte and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

56.     Westbury Mini Mart, Inc. applies the same employment policies, practices and procedures to all grocery/deli workers at the Westbury store with respect to the payment of overtime compensation and spread-of-hours pay.

57.     Upon information and belief, at all times relevant, Westbury Mini Mart, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Fermin Nunez (Chief Executive Officer for Westbury Deli & Grocery, from July 2004-April 2013)**

58.     Fermin Nunez is an individual residing in Nassau County, New York.

59.     Upon information and belief, Fermin Nunez was or is the owner of the Stores and currently maintains a financial interest in and control over the Stores.

60.     Defendant is identified as the "Principal" of Westbury Deli & Grocery, Inc.  by the NYS Liquor Authority from 09/02/2008 until 07/16/2013.

61.     Defendant is listed as Chief Executive Officer for Westbury Deli & Grocery, Inc. which was incorporated in July 2004 and is an active corporation in the State of New York.

62.     Defendant had the power over personnel decisions at Westbury Deli & Grocery, Inc. including the power to supervise employees, hire and fire employees, set wages and schedules, retain time and/or wage records and otherwise control the terms and conditions of their employment.

63.     Defendant was or is managing the day to day operations of Westbury Deli & Grocery, Inc. during all times relevant.

64.     Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

65.     Defendant has had the power to transfer the assets or liabilities of Westbury Deli & Grocery, Inc.

66.     Defendant has had the power to declare bankruptcy on behalf of Westbury Deli & Grocery, Inc.

67.     Defendant has had the power to enter into contracts on behalf of Westbury Deli & Grocery, Inc.

68.     Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Freddy Collado (CEO of Stop & Go Minimarket Corp from January 2011-October 2015)**

69.     Freddy Collado is an individual residing in Nassau County, New York.

70.     Defendant is identified as the "Principal" of Stop & Go Minimarket Corp. by the NYS Liquor Authority from 06/23/2011 until 10/28/2015.

71.     Defendant is listed as Chief Executive Officer for Stop & Go Minimarket Corp. which was incorporated January 5, 2011 and is an active corporation in the State of New York.

72.     Defendant had the power over personnel decisions at Stop & Go Minimarket Corp. including the power to supervise employees, hire and fire employees, set wages and schedules, retain time and/or wage records and otherwise control the terms and conditions of their employment.

73.     Defendant was or is managing the day to day operations of Stop & Go Minimarket Corp. during all times relevant.

74.     Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

75.     Defendant has had the power to transfer the assets or liabilities of Stop & Go Minimarket Corp.

76.     Defendant has had the power to declare bankruptcy on behalf of Stop & Go Minimarket Corp.

77.     Defendant has had the power to enter into contracts on behalf of Stop & Go Minimarket Corp.

78.     Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Maria G. Moronta (CEO of Riverhead Deli, Corp. from August 2004 –January 2011)**

79.     Maria G. Moronta is an individual residing in Nassau County, New York.

80.     Defendant is identified as the "Principal" of Riverhead Deli, Corp. by the NYS Liquor Authority from 10/28/2004 until 02/28/2014.

81.     Defendant is listed as Chief Executive Officer for Riverhead Deli, Corp. which was incorporated August 26, 2004 and is an active corporation in the State of New York.

82.     Defendant had the power over personnel decisions at Riverhead Deli, Corp. including the power to supervise employees, hire and fire employees, set wages and schedules, retain time and/or wage records and otherwise control the terms and conditions of their employment.

83.     Defendant was managing the day to day operations of Riverhead Deli, Corp. during all times relevant.

84.     Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

85.     Defendant has had the power to transfer the assets or liabilities of Riverhead Deli, Corp.

86.     Defendant has had the power to declare bankruptcy on behalf of Riverhead Deli, Corp.

87.     Defendant has had the power to enter into contracts on behalf of Riverhead Deli, Corp.

88.     Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Jose R. Rodriguez (Principal of Westbury Mini Mart, Inc. from April 2013-Present)**

89.     Jose R. Rodriguez is an individual residing in Nassau County, New York.

90.     Defendant is identified as the "Principal" of Westbury Mini Mart, Inc. by the NYS Liquor Authority from 07/16/2013 to 06/30/2016.

91.     Defendant had the power over personnel decisions at Westbury Mini Mart, Inc. including the power to supervise employees, hire and fire employees, set wages and schedules,

retain time and/or wage records and otherwise control the terms and conditions of their employment.

92.     Defendant was managing the day to day operations of Westbury Mini Mart, Inc. during all times relevant.

93.     Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

94.     Defendant has had the power to transfer the assets or liabilities of Westbury Mini Mart, Inc.

95.     Defendant has had the power to declare bankruptcy on behalf of Westbury Mini Mart, Inc.

96.     Defendant has had the power to enter into contracts on behalf Westbury Mini Mart, Inc.

97.     Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Jose G. Tineo (CEO of Huntington Deli, Corp. from (April 2012-Present)**

98.     Jose G. Tineo is an individual residing in Nassau County, New York.

99.     Defendant is identified as the "Principal" of Huntington Deli Corp. by the NYS Liquor Authority from 06/27/2012 to 8/31/2018.

100.     Defendant is listed as Chief Executive Officer for Huntington Deli Corp. which was incorporated April 18, 2012 and is an active corporation in the State of New York.

101.     Defendant had the power over personnel decisions at Huntington Deli Corp. including the power to supervise employees, hire and fire employees, set wages and schedules,

retain time and/or wage records and otherwise control the terms and conditions of their employment.

102.    Defendant was managing the day to day operations of Huntington Deli Corp. during all times relevant.

103.    Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

104.    Defendant has had the power to transfer the assets or liabilities of Huntington Deli Corp.

105.    Defendant has had the power to declare bankruptcy on behalf of Huntington Deli Corp.

106.    Defendant has had the power to enter into contracts on behalf Huntington Deli Corp.

107.    Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Victorino D. Nunez (Principal of Stop & Go Minimarket NY Corp. from October 2015-Present.)**

108.    Victorino D. Nunez is an individual residing in Nassau County, New York.

109.    Defendant is identified as the "Principal" of Stop & Go Minimarket NY Corp. by the NYS Liquor Authority from 10/28/15 through the present.

110.    Defendant had the power over personnel decisions at of Stop & Go Minimarket NY Corp. including the power to supervise employees, hire and fire employees, set wages and

schedules, retain time and/or wage records and otherwise control the terms and conditions of their employment.

111.    Defendant was managing the day to day operations of of Stop & Go Minimarket NY Corp. during all times relevant.

112.    Defendant has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

113.    Defendant has had the power to transfer the assets or liabilities of Stop & Go Minimarket NY Corp.

114.    Defendant has had the power to declare bankruptcy on behalf of Stop & Go Minimarket NY Corp.

115.    Defendant has had the power to enter into contracts on behalf of Stop & Go Minimarket NY Corp.

116.    Defendant is a covered employer within the meaning of the ACT and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS

117.    Plaintiffs bring the First Cause of action, ACT claim, on behalf of themselves and all similarly situated persons who have worked as employees at the Stores, who elect to opt-in to this action (the "ACT Collective").

118.    Consistent with Defendants' policies and practices, Plaintiffs and the ACT Collective were not paid premium overtime compensation for all hours worked beyond forty (40) per workweek.

119.     All of the work that Plaintiffs and the ACT Collective have performed has been assigned by the Defendants and/or Defendants have been aware of the work that Plaintiffs and the ACT Collective have performed.

120.     As part of their regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the ACT with respect to Plaintiffs and the ACT Collective.  This policy and pattern of practice includes but is not limited to:

(a) willfully failing to pay its employees, including Plaintiffs and the ACT Collective, premium overtime wages for hours they worked in excess of 40 hours per workweek; and

(b) willfully failing to record all of the time that its employees including Plaintiffs and the ACT Collective have worked for the Defendants.

121.     Defendants' unlawful conduct, as described in the Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by unlawfully failing to pay the Plaintiffs and the Act Collective overtime premiums for hours worked in excess of 40 hours per workweek.

122.     Plaintiffs and the Act Collective perform or performed the same primary duties.

123.     Defendants' unlawful conduct has been widespread, repeated and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

124.     Consistent with their policies and patterns or practices as described herein; Defendants harmed Plaintiffs, individually, as follows:

**Rafael Marte**

125.     Defendants did not pay Plaintiff the overtime wages and spread-of-hour wages pay for all of the time he was suffered or permitted to work each workweek.

16

126.   Plaintiff never received a paycheck or written explanation of the hours he worked or his rate of pay.

127.   Plaintiff was always paid in cash for the sixty hours he worked during each and every workweek of the relevant period.

128.   Plaintiff worked sixty hours over a period of six straight days.

129.   Plaintiff's shifts were often split into two five hour shifts with two hours off in between.

130.   Plaintiff never received spread-of-hour wages for any of the split shifts he worked.

131.   Upon information and belief, Defendants did not keep accurate records of wages or hours worked by the Plaintiff.

132.   Upon information and belief, Defendants failed to furnish Plaintiff with an accurate statement of wages, hours worked, rates paid and gross wages.

133.   Plaintiff was employed by all the Stores at various times from November 2009 through October 2015.

134.   After nearly six years of uninterrupted employment with Stores as a cashier the plaintiff was terminated without reason.

135.   Upon information and belief the Plaintiff was terminated because the new owner of the Riverhead store, Stop & Go Minimarket NY Corp. whose principal is Victorino D. Nunez, became aware of the Plaintiff's intention to file this lawsuit based on notices sent by his attorney to the Riverhead store or through conversations Plaintiff had with other employees.

**Felix Pena**

136.   Defendants did not pay Plaintiff the overtime wages for all of the time he was suffered or

permitted to work each workweek.

137. Plaintiff never received a paycheck or written explanation of the hours he worked or his rate of pay.

138. Plaintiff was always paid in cash for the sixty hours he worked during each and every workweek of the relevant period.

139. Plaintiff worked sixty hours over a period of six straight days.

140. Plaintiff never took a vacation or a sick day.

141. Plaintiff was never paid for any time off the job.

142. Upon information and belief, Defendants did not keep accurate records of wages or hours worked by the Plaintiff.

143. Upon information and belief, Defendants failed to furnish Plaintiff with an accurate statement of wages, hours worked, rates paid and gross wages.

144. Plaintiff was employed at the Riverhead store exclusively from November 2006 through October 2015.

145. After nearly nine years of uninterrupted employment at the Riverhead store as a cook, Plaintiff was terminated without reason.

146. Upon information and belief the Plaintiff was terminated because the new owner of the Riverhead store, Stop & Go Minimarket NY Corp. whose principal is Victorino D. Nunez, became aware of the Plaintiff's intention to file this lawsuit based on notices sent by his attorney to the Riverhead store or through conversations Plaintiff had with other employees.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of the Plaintiffs and the ACT Collective)**

147. Plaintiffs reallege and incorporate all allegations in all preceding paragraphs.

148.    The overtime wage provision set forth in the ACT 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the ACT Collective.

149.    Defendants have failed to pay the Plaintiffs and the members of the ACT Collective overtime wages for all of the hours that they worked in excess of 40 hours per work week.

150.    As a result of Defendants' violations of the ACT, Plaintiffs and the members of the ACT Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, 100 % liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et. seq.*

151.    Defendants' unlawful conduct as described in this Collective Action Complaint has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the ACT with respect to the compensation of Plaintiffs and the members of the ACT Collective.

152.    Because Defendants' violations of the ACT have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §§ 201 *et. seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime Wages
### (Brought on behalf of the Plaintiffs)

153.    Plaintiffs reallege and incorporate all allegations in all preceding paragraphs.

154.    The overtime wage provisions set forth Article 19 of the NYLL and its supporting regulations, apply to Defendants and protect Plaintiffs.

155.    Defendants have failed to pay the Plaintiffs overtime wages for all of the hours that they worked in excess of 40 hours per workweek and are entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

156.    Defendants failed to pay Plaintiffs 1.5 times their hourly wage rate for hours worked in excess of 40 hours per work week.

157.    Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et. seq.*  and the supporting New York State Department of Labor Regulations.

158.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, 100 % liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs of the action, and pre-judgment and post judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law –Spread-of-Hours Pay
### (Brought on behalf of the Plaintiff, Rafael Marte)

159.    Plaintiffs reallege and incorporate all allegations in all preceding paragraphs.

160.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's Pay, at the basic hourly rate Plaintiff was paid for forty hours, for each day that the length of the interval between the beginning and end of their workday-including working time plus time off for meals plus interval off duty-was greater than 10 hours.

161.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et. seq.*  and the supporting New York State Department of Labor Regulations.

162.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs of the action, and pre-judgment and post judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law-Record Keeping Violation**
**(Brought on behalf of the Plaintiffs)**

163.    Plaintiffs reallege and incorporate all allegations in all preceding paragraphs.

164.    Defendants have willfully failed to supply Plaintiffs notice as required by the NYLL, Article 6, § 195 in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other hourly rate or rates of pay and overtime rate or rates if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different and the telephone number of the employer.

165.    Defendants have willfully failed to supply Plaintiffs with an accurate statement of wages as required by the NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other gross wages or hourly rates of pay and overtime rate or rates if applicable; deductions and net wages.

166.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided by the NYLL, Article 6,

§§ 190 et. seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs of the action, pre-judgment and post judgment interest, injunctive and declaratory relief.

**FIFTH CAUSE OF ACTION**
**Fair Labor Standards Act-Anti-Retaliation Provisions**
**(Brought on behalf of the Plaintiffs)**

167.    Plaintiffs reallege and incorporate all allegations in all preceding paragraphs.

168.    Plaintiffs instituted a lawsuit against their former employers upon the realization that they had not been paid overtime wages that they were entitled to.

169.    Defendant, Fermin Nunez, was notified by Plaintiffs' Counsel via US mail, on October 7, 2015, to all three locations where Plaintiffs were employed, that Plaintiffs were bringing an action against him for unpaid overtime wages.

**Felix Pena**

170.    On or about August 24, 2015 the Riverhead store which was owned by Stop & Go Minimarket, Corp was sold to Stop & Go Minimarket NY, Corp whose principle is Victorino D. Nunez according to the NYS Liquor Authority.

171.    On or about October 12, 2015 Felix Pena, a cook for the past nine years, was terminated from his position without explanation.

172.    Upon information and belief, Felix Pena was terminated when his current employer learned that he was initiating an action against his former employer for unpaid overtime wages.

**Rafael Marte**

173.    On or about October 12, 2015 Rafael Marte a cashier for the past six years was terminated from his position at the Riverhead store without explanation by Juan Caba.[1]

---

[1] Juan Caba was manager for about two weeks at the Riverhead Store.  He was terminated or resigned shortly after firing Felix Pena.

174.    On or about October 19, 2015 Rafael Marte a cashier for the past six years was terminated from his position at the Huntington store without explanation by Jose Tineo.

175.    On or about October 26, 2015 Rafael Marte a cashier for the past six years was terminated from his position at the Westbury store without explanation by Jose Rodriguez.

176.    Upon information and belief, Rafael Marte was terminated when his current employer learned that he was initiating an action against his former employer for unpaid overtime wages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all similarly situated persons, respectfully request that this Court grant the following relief:

A.    That at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all grocery/deli workers who are presently, or have at any time during the past six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Huntington, Riverhead and Westbury locations.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the ACT and the supporting United States Department of Labor regulations;

C.    Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et. seq.*, NYLL, Article 19, §§ 650 *et. seq*. and the supporting New York State Department of Labor Regulations;

D.    Unpaid, spread-of-hours pay and liquidated damages permitted by law pursuant

to the NYLL;

E.      One hundred dollars for each work week that the violations of the NYLL,

Article 6, § 195 occurred or continue to occur, or a total of twenty-five hundred dollars,

as provided for in NYLL, Article 6, §§ 198(1)-d;

F.      Prejudgment and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages and

cease the unlawful activity described herein pursuant to the NYLL;

H.      Punitive damages for violations of the anti-retaliation provisions of the Act

I.       Reasonable attorneys' fees and costs of the action; and

J.       Such other relief as this Court shall deem just and proper.

Dated: Freeport, New York
           December 31, 2015

                                                    Respectfully submitted,


                                                    _____
                                                         Jeffrey K. Weiner
                                                    **GREEN DURCAN & WEINER, PLLC**
                                                         72 Guy Lombardo Avenue
                                                         Freeport, New York 11520
                                                         (516) 561-8580
                                                         gdwlawyers@gmail.com
                                                         *Attorneys for the Plaintiffs and the*
                                                         *Collective Action*

24