UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAFAEL MARTE and FELIX PENA, on behalf
of themselves and all others similarly situated,

                  Plaintiffs,

    -against-

WESTBURY MINI MART, INC., WESTBURY
DELI & GROCERY, INC., HUNTINGTON
DELI, INC., STOP & GO MINIMARKET NY
CORP., RIVERHEAD DELI, CORP., FERMIN
NUNEZ, FREDDY COLLADO, MARIA G.
MORONTA, JOSE R. RODRIGUEZ, JOSE G.
TINEO, VICTORINO D. NUNEZ and STOP &
GO MINIMARKET CORP.,

                  Defendants.
------------------------------------------------------------X

**ORDER**
16-CV-0053 (SJF)(ARL)

FILED
CLERK
11:20 am, Mar 03, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

       Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated January 18, 2017 ("the Report"), (1) recommending (a) that defendants' motion to dismiss plaintiffs' claims in the original complaint alleging that defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Article 19, §§ 650, *et seq.* of the New York Labor Law ("NYLL") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, (b) that plaintiffs' motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure be granted to the extent of allowing (i) plaintiff Felix Pena ("Pena") to assert FLSA and NYLL claims for overtime wages against defendants Riverhead Deli, Corp., Maria Moronta, Stop & Go Minimarket Corp., Freddy Collado, Stop & Go Minimarket NY Corp. and Victorino Nunez (collectively, the "Riverhead Defendants") "for violations occurring during the time that he was employed by that particular [Riverhead] Defendant only[,]" (Report

1

at 21); and (ii) plaintiff Rafael Marte ("Marte") to assert FLSA and NYLL claims for overtime wages against each defendant, as joint employers, "for violations occurring during the time [he] was employed by that particular Defendant only[,]" (*id.*), (c) that plaintiffs' motion for leave to file an amended complaint otherwise be denied, and (d) that the branch of defendants' motion seeking to sever plaintiffs' claims pursuant to Rule 21 of the Federal Rules of Civil Procedure be denied; and (2) advising the parties, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court . . . within 14 days of service[,]" (*id.*), and (b) that a "[f]ailure to file objections within th[at] period waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties via ECF on January 18, 2017, (*see* Docket Entry ["DE"] 23), but no party has filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

I.   DISCUSSION

   A.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and

recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

B    Review of Report

Since no party has filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, (1) defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent set forth in the Report; (2) plaintiffs' FLSA and NYLL claims in the original complaint arising from defendants' alleged failure to pay overtime wages are dismissed; (3) plaintiffs' motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure is granted to the

3

extent that plaintiffs may serve and file an amended complaint in accordance with the Report **by no later than March 20, 2017**, and plaintiffs' motion is otherwise denied; and (4) the branch of defendants' motion seeking to sever plaintiffs' claims pursuant to Rule 21 of the Federal Rules of Civil Procedure is denied.

II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth therein, (1) defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent set forth in the Report; (2) plaintiffs' FLSA and NYLL claims in the original complaint arising from defendants' alleged failure to pay overtime wages are dismissed; (3) plaintiffs' motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs may serve and file an amended complaint in accordance with the Report **by no later than March 20, 2017**, and plaintiffs' motion is otherwise denied; and (4) the branch of defendants' motion seeking to sever plaintiffs' claims pursuant to Rule 21 of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

                                        /s/
                              SANDRA J. FEUERSTEIN
                              United States District Judge

Dated: March 3, 2017
       Central Islip, New York